PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-1381
_____

UNITED STATES OF AMERICA

v.

MICHAEL PORTANOVA,
                              Appellant


_____


On Appeal from the United States
District Court for the Middle District of Pennsylvania
(D.C. Crim. Action No. 3-18-cr-00015-001)
District Judge: Hon. James M. Munley
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
October 4, 2019
_____

Before: SHWARTZ, SCIRICA and FUENTES, *Circuit Judges*.

(Opinion Filed:  May 27, 2020)

Frederick W. Ulrich
Office of Federal Public Defender
100 Chestnut Street
Suite 306
Harrisburg, PA 17101
*Counsel for Appellant*

Francis P. Sempa
Office of United States Attorney
235 North Washington Avenue
P.O. Box 309, Suite 311
Scranton, PA 18503
*Counsel for Appellee*

_____

OPINION

_____

FUENTES, *Circuit Judge*.

Michael Portanova pleaded guilty to receiving child pornography.[1] Applying a statutory sentencing enhancement, the District Court determined that his prior Pennsylvania conviction for possessing and distributing child pornography[2] was a conviction relating to the possession of child pornography and sentenced him to a mandatory fifteen-year term of imprisonment.[3]

---

[1] 18 U.S.C. § 2252(a)(2), (b)(1).
[2] 18 Pa. Cons. Stat. § 6312(c)–(d).
[3] 18 U.S.C. § 2252(b)(1).

We conclude, first, that under our "looser categorical approach," 18 U.S.C. § 2252(b)(1)'s "relating to" language does not require an exact match between the state and federal elements of conviction, and second, that the provision is not unconstitutionally vague. Accordingly, we will affirm.

**I.**

In 2017, Portanova admitted to downloading child pornography onto his cell phone, on which investigators found sixty-three videos depicting minors engaged in sexually explicit conduct. Portanova subsequently pleaded guilty to receipt of child pornography, in violation of 18 U.S.C. § 2252(a)(2) and (b)(1). An individual who violates § 2252(a)(2) is subject to a fifteen-year mandatory minimum sentence if that person "has a prior conviction . . . under the laws of any State relating to aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor or ward."[4] This enhancement also applies to a prior state conviction "relating to . . . the production, possession, receipt, mailing, sale, distribution, shipment, or transportation of child pornography."[5] Portanova had previously been convicted of possessing and distributing child pornography under Pennsylvania law.[6]

At sentencing and over Portanova's objection, the District Court concluded that his state conviction triggered the

---

[4] 18 U.S.C. § 2252(b)(1).
[5] *Id.*
[6] 18 Pa. Cons. Stat. § 6312(c)–(d).

3

fifteen-year mandatory minimum enhancement. Portanova appeals this sentence.

## II.[7]

On appeal, Portanova makes two arguments that the District Court erred in concluding that his conviction triggered the mandatory minimum provision. First, he asserts that § 2252(b)(1) requires a narrow analysis under the formal categorical approach, and that state child pornography offenses that are broader than the federal child pornography definition, including his, cannot constitute mandatory minimum predicate offenses.[8] Second, Portanova argues that § 2252(b)(1)'s broad "relating to" language is void for vagueness.[9] Accordingly, Portanova argues that he is not subject to the fifteen-year mandatory minimum enhancement.

---

[7] The District Court had subject matter jurisdiction under 18 U.S.C. § 3231. We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742. In evaluating the District Court's imposition of a mandatory minimum sentence, we must interpret a statute, so our review is plenary. *United States v. Pavulak*, 700 F.3d 651, 671 (3d Cir. 2012). Similarly, our review of a constitutional challenge to a statute is plenary. *United States v. John-Baptiste*, 747 F.3d 186, 200 (3d Cir. 2014).

[8] *See United States v. Reinhart*, 893 F.3d 606, 609–10 (9th Cir. 2018).

[9] *See Johnson v. United States*, 135 S. Ct. 2551, 2556–57 (2015); *Bouie v. City of Columbia*, 378 U.S. 347, 350–51 (1964).

**A.**

Portanova challenges the District Court's broader application of the mandatory minimum sentence enhancement under 18 U.S.C. § 2252(b)(1). He asserts that the District Court should have applied the formal categorical approach, construing "relating to" narrowly. Because the Pennsylvania child pornography statute criminalizes conduct not covered under federal law, he argues, it could not constitute a § 2252(b)(1) predicate offense.

1.

To determine whether Portanova's prior conviction triggers the § 2252(b)(1) enhancement, we begin with the categorical approach.[10] Under this approach, "the sentencing court can look only to the fact of conviction and the statutory definition of the prior offense."[11] In other words, it may look

---

[10] *United States v. Galo*, 239 F.3d 572, 582–83 (3d Cir. 2001) (applying the categorical approach to an analogous enhancement under 18 U.S.C. § 2251(d)) (citing *Taylor v. United States*, 495 U.S. 575, 598 (1990)). Similar to § 2252(b)(1), the version of § 2251(d) that was in effect when *Galo* was decided provides for mandatory sentencing enhancements, of different magnitudes, where a defendant "has one prior conviction under this chapter [18 U.S.C. § 2251 *et seq.*], . . . or under the laws of any State relating to the sexual exploitation of children." *Galo*, 239 F.3d at 576 (alterations in original).

[11] *Galo*, 239 F.3d at 577 (citing *Taylor*, 495 U.S. at 600–02). Contrary to Portanova's arguments, this is a legal, rather

5

to "the elements . . . of a defendant's prior offenses, and *not* 'to the particular facts underlying those convictions.'"[12] Under the formal categorical approach,[13] we line up the elements of the state crime of conviction with the federal generic offense, that is, "the offense as commonly understood,"[14] and determine if

---

than factual determination that depends only on the "fact of a prior conviction," an explicit exception to *Apprendi v. New Jersey*'s teaching that "any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. 466, 490 (2000).

[12] *Descamps v. United States*, 570 U.S. 254, 261 (2013) (quoting *Taylor*, 495 U.S. at 600); *see also United States v. Dahl*, 833 F.3d 345, 350 (3d Cir. 2016) ("The elements, not the facts, are key.").

[13] We have variously referred to this usual application of the categorical approach as the "strict categorical approach," *Quinteros v. Attorney Gen. United States*, 945 F.3d 772, 782 (3d Cir. 2019), "traditional categorical approach," *United States v. Peppers*, 899 F.3d 211, 232 (3d Cir. 2018) (internal quotation marks removed), and "formal categorical approach," *Rosa v. Attorney Gen. United States*, 950 F.3d 67, 75 (3d Cir. 2020).

[14] *Mathis v. United States*, 136 S. Ct. 2243, 2247 (2016). *Mathis* addressed Armed Career Criminal Act predicates such as burglary, *id.*, whose narrow common law definition the Court rejected in favor of "the generic sense in which the term is now used in the criminal codes of most States," *Taylor*, 495 U.S. at 598. In the immigration context, we have termed the federal reference statute delimiting the federal generic offense

they match.[15] A prior conviction counts as a sentencing enhancement predicate "if its elements are the same as, or narrower than, those of the generic offense[, b]ut if the crime of conviction covers any more conduct than the generic offense," it does not.[16]

As we have previously recognized, the present statute and circumstances are "quite different" from the 18 U.S.C.

---

the "federal analog." *Rosa*, 950 F.3d at 75; *see also Salmoran v. Attorney Gen. United States*, 909 F.3d 73, 78 (3d Cir. 2018).

[15] *Mathis*, 136 S. Ct. at 2249; *Williams v. Attorney Gen. United States*, 880 F.3d 100, 104 (3d Cir. 2018), *cert. denied sub nom. Williams v. Whitaker*, 139 S. Ct. 863 (2019).

[16] *Mathis*, 136 S. Ct. at 2248. This comparison is "straightforward when a statute sets out a single (or 'indivisible') set of elements to define a single crime." *Id.* Other, "divisible" statutes "list elements in the alternative, and thereby define multiple crimes." *Id.* at 2249. If so, we employ a "modified categorical approach," enabling a limited factual inquiry. *Descamps*, 133 S. Ct. at 2283–84. The parties do not propose this approach here, and we have suggested that a similarly-organized statute is not divisible. *See Salmoran*, 909 F.3d at 77 n.7 (noting no dispute as to the indivisibility of N.J. Stat. § 2C:24-4(b)(5)(b)); *see also Reinhart*, 893 F.3d at 618 (citing *Chavez-Solis v. Lynch*, 803 F.3d 1004, 1013 (9th Cir. 2015) (California Penal Code § 311.4(d)'s definition of "sexual conduct" "simply lists numerous ways in which an image may be considered to depict 'sexual conduct'" and is thus not divisible)).

7

§ 924(e) context.[17] Consistent with our treatment of the analogous "relating to" language in 18 U.S.C. § 2251(d), § 2252(b)(1) "does not require a sentencing court to determine if the prior conviction satisfies the generic elements of a crime as does [18 U.S.C. § 924(e)]," under our usual, formal categorical approach.[18] Instead, § 2252(b)(1) requires only that Portanova's previous state conviction be one "relating to . . . the . . . possession . . . of child pornography."[19] In other contexts, we have applied this broader "relating to" language under a somewhat different inquiry, which we have termed the "looser categorical approach."[20] This approach does not require a precise match between the federal generic offense and state offense elements.[21] So too here. "[T]he phrase 'relating to' must be 'read expansively' and 'encompass[es] crimes other than those specifically listed in the federal statutes.'"[22]

In determining what constitutes "possession . . . of child pornography," we must also consider whether the term is

---

[17] *Galo*, 239 F.3d at 577, 581 (citing *Taylor*, 495 U.S. at 600–02).

[18] *Id.* at 581; *see Denis v. Attorney Gen. of the United States*, 633 F.3d 201, 210 (3d Cir. 2011) ("[I]n deciding whether a conviction is 'related to' another offense, . . . crimes of conviction can be 'related to' a listed offense without containing what might be viewed as an essential element.").

[19] 18 U.S.C. § 2252(b)(1).

[20] *Williams*, 880 F.3d at 105 (quoting *Flores v. Attorney Gen. United States*, 856 F.3d 280, 286 (3d Cir. 2017)).

[21] *Id.*

[22] *Flores*, 856 F.3d at 297 (Shwartz, J., concurring) (quoting *Denis*, 633 F.3d at 209).

understood generically,[23] or must be defined strictly in light of its federal counterparts.[24] Taking into account all of the relevant words, and not just "child pornography," we conclude that "the production, possession, receipt, mailing, sale, distribution, shipment, or transportation of child pornography," like "aggravated sexual abuse," "sexual abuse," and "abusive sexual conduct involving a minor or ward" is not collectively a defined term and is best understood generically.[25] Under this generic treatment, the offense should

---

[23] *Mathis*, 136 S. Ct. at 2247; *see also United States v. Sullivan*, 797 F.3d 623, 636 (9th Cir. 2015) (defining offenses "based on the ordinary, contemporary, and common meaning of the statutory words").

[24] *Reinhart*, 893 F.3d at 611 ("To ascertain the generic federal definition, we look to the federal definition of 'child pornography.'"). *Lockhart v. United States* outlines this dichotomy. 136 S. Ct. 958, 968 (2016). As we explain in Section II.A.2, *infra*, other circuits have split on the appropriate treatment of individual terms in § 2252. *Reinhart* applied the latter, statutory definition to "child pornography," which is defined within the same chapter and distinguished use of the former, "common usage" definition of "aggravated sexual abuse," "sexual abuse," and "abusive sexual conduct involving a minor or ward" in *Sullivan*, 893 F.3d at 611.

[25] Though *Galo* did not expressly indicate that it defined "sexual exploitation of children" generically, it did just that, declining to refer to any statutory definitions. 239 F.3d at 581. There, we compared Galo's state convictions to "sexual exploitation of children," without any reference to a federal definition and concluded that none "establish a conviction under 'laws relating to the exploitation of children." *Id.* at

be read as commonly understood and informed by its constituent terms, but not strictly cabined by them as under the formal categorical approach.[26] Conversely, inclusion of these *actus rei* prevents the application of a sentencing enhancement founded upon mere association with child pornography in general, no matter how attenuated.[27]

---

582–83. Each state law criminalized a broader range of conduct, including "gambling, underage drinking or drug use[, i.e.,] conduct of *any* nature that tends to corrupt children[;] breach of duty of care[; and] indecent touching regardless of the victim's age." *Id.* (emphasis added).

[26] This approach is also consistent with our conclusions in *Pavulak*, 700 F.3d at 671–73 (Delaware convictions for unlawful sexual contact related to sexual exploitation of children) and *United States v. Randolph*, 364 F.3d 118, 124 (3d Cir. 2004) (Georgia convictions for child molestation related to sexual exploitation of children). Other Circuits have also treated these terms generically. *United States v. Mayokok*, 854 F.3d 987, 993 (8th Cir. 2017) (in review of § 2252(b)(1) enhancement, surveying federal definition of "child pornography" without requiring an exact match); *United States v. Bennett*, 823 F.3d 1316, 1325 (10th Cir. 2016) (rejecting narrow reading of equivalent "relating to" language in 18 U.S.C. § 2252A(b)(2)). This generic treatment is consistent with the broader reading of "relating to." *See Williams*, 880 F.3d at 105 ("[T]he definition of the term 'forgery' is not enough, on its own, to answer the question of whether the [state crime] is 'an offense relating to forgery.'").

[27] *See Bennett*, 823 F.3d at 1323 (contrasting § 2252A(b)(2) with 8 U.S.C. § 1227(a)(2)(B)(i), lacking an *actus reus* and potentially reaching "any crime 'associated with

Nothing in the text of § 2252(b)(1) points to a different, narrower result.[28]  Congress has demonstrated a command of limiting language that strictly refers only to conduct criminalized under federal law, and it could have employed it here if it so intended.[29]

---

the drug trade in general'" under a broad reading) (quoting *Mellouli v. Lynch*, 135 S. Ct. 1980, 1984 (2015)).

[28] We note that this approach differs from the one we employed in *Salmoran*, which involved superficially similar language but which contained some important differences.  909 F.3d at 75, 77–82.  In *Salmoran*, we employed the usual, formal categorical approach and determined that a New Jersey child pornography conviction under N.J. Stat. § 2C:24-4(b)(5)(b) was not an aggravated felony under 8 U.S.C. § 1101(a)(43)(I), because it was not "an offense described in [18 U.S.C. § 2252] . . . (relating to child pornography)."  *Id.*  There, the "relating to" language is cabined by the explicit requirement that the offense be described by 18 U.S.C. § 2252.  Section 1101(a)(43)(I) is thus analogous to those that limit prior offense predicates by strict reference to a federal statute.

[29] For example, 18 U.S.C. § 3559(e)(2) defines "state sex offense" as one that consists of conduct that "would be a Federal sex offense."  *See Bennett*, 823 F.3d at 1324 (analyzing § 2252A(b)(2)); *see also Pavulak*, 700 F.3d at 671 (applying the formal categorical approach to § 3559(e)(1) enhancement inquiry).  Similarly, 18 U.S.C. § 2426(b)(1)(B) defines "'prior sex offense conviction' as an offense 'consisting of conduct that would have been an offense under [this chapter, chapter 109A, chapter 110, or section 1591].'"  *Bennett*, 823 F.3d at 1324 (alteration in original); *see also Dahl*, 833 F.3d at 349

Accordingly, we join several of our sister circuits in adopting a broader reading of "relating to" in the § 2252(b)(1) context.[30] Under our looser categorical approach, we examine the statutory definitions of Portanova's crime of conviction and determine whether it is categorically a law "relating to . . . the . . . possession . . . of child pornography," as generically understood under federal law.[31]

The Supreme Court has defined "relating to" as "to stand in some relation; to have bearing or concern; to pertain; refer; to bring into association with or connection with."[32] "[W]e 'survey [the statutory provisions'] interrelationship' and consider whether there is 'a logical or causal connection' between them."[33]  "We may conclude that the crimes are

_____

(applying formal categorical approach to same).  Conversely, the text of § 2252(b)(1), like that of § 2252A(b)(2), lacking such a narrow federal reference, does not support a more limited reading of "relating to."

[30] *Mayokok*, 854 F.3d at 993; *Bennett*, 823 F.3d at 1324 (collecting cases).

[31] *See Galo*, 239 F.3d at 582; *see also Mayokok*, 854 F.3d at 992–93 ("[T]he question . . . is not whether the statutes criminalize exactly the same conduct, but whether the full range of conduct proscribed under [the state law] *relates to* the 'possession . . . of child pornography' as that term is defined under federal law.").

[32] *Denis*, 633 F.3d at 209 (quoting *Morales v. Trans World Airlines, Inc.*, 504 U.S. 374, 383 (1992)).

[33] *Williams*, 880 F.3d at 105 (quoting *Flores*, 856 F.3d at 291).

logically connected if they both target the same, core criminal conduct such that they are directly analogous."[34]

## 2.

In arguing for the application of the formal categorical approach to § 2252(b)(1)'s "relating to" language, Portanova points to the Ninth Circuit's reasoning in *United States v. Reinhart*, which rejected a conclusion that equivalent "relating to . . . child pornography" language in § 2252(b)(2) required "a broader comparison between the state statutes and the federal statutes."[35] For the additional reasons that follow, we decline to adopt its rationale.

*Reinhart*'s application of "relating to" in § 2252(b)(2) followed the Supreme Court's approach in *Mellouli v. Lynch*.[36] *Mellouli* considered the application of 8 U.S.C. § 1227(a)(2)(B)(i), which "authorizes the removal of an alien 'convicted of a violation of . . . any law or regulation of a State [or] the United States . . . *relating to* a controlled substance (as defined in section 802 of Title 21)."[37] There, the Supreme Court applied the formal categorical approach, concluding that a misdemeanor Kansas conviction for possession of drug

---

[34] *Id.* (quoting *Flores*, 856 F.3d at 291) (internal quotation marks omitted).

[35] *Reinhart*, 893 F.3d at 609–10, 615.

[36] 135 S. Ct. at 1983.

[37] *Id.* at 1984 (emphasis added).

13

paraphernalia to conceal a controlled substance,[38] though "by definition[] related to" controlled substances, was not limited to those controlled substances defined in 21 U.S.C. § 802 and was thus categorically overbroad.[39] *Mellouli* relied on the "historical background of § 1227(a)(2)(B)(i)," which demonstrated a longstanding requirement for "a direct link between an alien's crime of conviction and a particular federally controlled drug."[40] The government's proposed broader reading of "relating to" also failed to give meaning to the statutory text, whose parenthetical "as defined in section 802 of Title 21" restricted the types of controlled substances giving rise to removal.[41]

An earlier Ninth Circuit post-*Mellouli* decision, *United States v. Sullivan*, had adopted a broader reading of "relating to" in § 2251(e) and § 2252(b)(2).[42] Applying *Mellouli*'s framework, *Sullivan* concluded that § 2251(e) and § 2252(b)(2)'s historical backgrounds and unqualified texts "did not require a 'direct link' between the state crime of conviction

---

[38] Specifically, Mellouli, a Tunisian national, had used his sock to conceal unidentified pills, acknowledged to be Adderall. *Id.* at 1988.

[39] *Id.* at 1984; *see also Hillocks v. Attorney Gen. United States*, 934 F.3d 332, 345 (3d Cir. 2019).

[40] *Mellouli*, 135 S. Ct. at 1990. There, the Supreme Court also reasoned that the broader interpretation would have the "incongruous upshot" of creating harsher immigration consequences for drug paraphernalia possession offenses than possession and distribution offenses. *Id.* at 1989.

[41] *Id.* at 1988 n.9, 1990–91.

[42] 797 F.3d at 638.

and a particular federal statute."[43]  *Reinhart* arrived at the opposite result by concluding that, whereas the terms "aggravated sexual abuse, sexual abuse, [or] abusive sexual conduct involving a minor or ward" were not specifically defined terms in the same statutory chapter and may be considered "generic offenses," the term "child pornography" was specifically defined, thus forcing a narrow reading in accordance with *Mellouli*.[44]  *Reinhart* inferred that the "language of [the] statute," by this link to an explicit federal definition, triggered a "textual restriction[]" and favored a "narrower reading of 'relating to.'"[45]

In our view, this reliance on *Mellouli* is misplaced. Unlike the object of "relating to" in *Mellouli*, "a controlled substance (as defined in section 802 of Title 21),"[46] the object of § 2252(b)(1)'s "relating to" here is "the . . . possession . . . of child pornography," an offense containing a defined term. Section 2252(b)(1) lacks the removal statute's express limiting parenthetical, which applies with equal force to both federal and state convictions.[47]  And *Reinhart*'s narrow reading of "child pornography" fails to give sufficient weight not only to

---

[43] *Sullivan*, 797 F.3d at 640 (internal citation removed) (quoting *Mellouli*, 135 S. Ct. at 1990).

[44] *Reinhart*, 893 F.3d at 614–15.

[45] *Id.* at 613.

[46] 8 U.S.C. § 1227(a)(2)(B)(i).

[47] *See Bennett*, 823 F.3d at 1323.  Section 2252(b)(1), by contrast, separately and expressly identifies the federal convictions triggering the statutory enhancement, while reserving the application "relating to" language for state convictions.  *See id.*

the words "relating to"—an approach arguably countenanced by *Mellouli*—but also to "the . . . possession . . . of" preceding "child pornography,"—words absent from the statute at issue in *Mellouli*—rendering them surplusage contrary to our usual principles of statutory interpretation.[48]

Although we agree that the definitions of "child pornography" and "sexually explicit conduct" in § 2256 are the appropriate starting place for determining the generic federal offense, § 2256's definitions do not foreclose our use of the looser categorical approach.[49] *Reinhart*, in focusing on "child pornography," reads the statute too narrowly. Moreover, "child pornography," as defined in § 2256, is not itself a "conviction," and is thus an inequivalent object of comparison under a categorical approach analysis of any stripe, better directed to "elements" rather than "facts."[50] It is the entire clause, and not just "child pornography," that constitutes the federal generic offense. As discussed, we also find it significant that Congress, in employing broad "relating to"

---

[48] *See Duncan v. Walker*, 533 U.S. 167, 167 (2001) ("This Court's duty to give effect, where possible, to every word of a statute, makes the Court reluctant to treat statutory terms as surplusage.") (internal citation omitted).

[49] *See Mayokok*, 854 F.3d at 992 (quoting *United States v. Sonnenberg*, 556 F.3d 667, 671 (8th Cir. 2009) (taking § 2256 as point of departure, "relating to" nevertheless "carries a broad ordinary meaning" and does not require congruence of state and federal statutes).

[50] *Taylor*, 495 U.S. at 600; *Galo*, 239 F.3d at 578.

language, chose not to cabin its meaning by explicit reference to § 2252(a) or a definition in another federal section.[51]

*Reinhart*'s approach has the additional effect of creating different applications to different predicate offenses in Section 2252(b), a result whose tension *Reinhart* acknowledges.[52] This is a "consequence[] Congress could not have intended" and contrary to the usual interpretation of statutes "as a symmetrical and coherent regulatory scheme."[53] Because these predicates, taken as a whole, are undefined, the incongruous treatment required by *Reinhart* becomes even less tenable. Accordingly, § 2252(b)(1) does not require complete congruence between federal and state predicates.[54]

---

[51] *See Bennett*, 823 F.3d at 1323 (§ 2252A(b)(2) enhancement "does not limit 'child pornography' by linking it to the federal definition."). Congress in other contexts has demonstrated its intent to tether sentencing predicates with statutory definitions elsewhere in the Code. *See id.* (citing 18 U.S.C. §§ 2426(b)(1)(B), 3559(e)(2)).

[52] *Reinhart*, 893 F.3d at 616 n.5.

[53] *Mellouli*, 135 S. Ct. at 1989 (first quoting *Moncrieffe v. Holder*, 569 U.S. 184, 200 (2013), then quoting *FDA v. Brown & Williamson Tobacco Corp.*, 529 U.S. 120, 133 (2000)).

[54] *See Lockhart v. United States*, 136 S. Ct. 958, 966 (2016) ("[O]ur construction of § 2252(b)(2)'s sexual-abuse predicates does not rely on a general assumption that Congress sought full parity between all of the federal and state predicates in § 2252(b)(2)."); *Bennett*, 823 F.3d at 1324 n.11.

Our approach also better matches Congress' purpose of ensuring that a wide range of state offenses would fall within § 2252's enhancement provisions.[55] As *Reinhart* recognized, and unlike *Mellouli*, there is no extensive historical practice favoring the formal categorical approach in the § 2252(b) context.[56]

While we heed *Mellouli*'s admonition that the words "relating to," when "extended to the furthest stretch of their indeterminacy, stop nowhere," we find no contradiction in the broader application of "relating to" under our "looser categorical approach" or in our generic treatment of "the . . . possession . . . of child pornography."[57]

---

[55] *See, e.g.*, *United States v. Hubbard*, 480 F.3d 341, 350 (5th Cir. 2007) ("From the language Congress chose [in the analogous 18 U.S.C. § 2252A(b)(1)], we can discern its intent: a prior conviction for certain federal offenses warrants a minimum sentence, and a prior conviction for a variety of generic offenses under state law warrants a minimum sentence as well.") (analyzing aggravated sexual abuse and other terms).

[56] *Reinhart*, 893 F.3d at 615 ("[U]nlike *Mellouli*, within the § 2252 context, there is no historical requirement of a 'direct link' between the state crime of conviction and the particular federal offense conduct.") (citing *Bennett*, 823 F.3d at 1329 (Hartz, J., dissenting)).

[57] *Flores*, 856 F.3d at 290 n.49 (quoting *Mellouli*, 135 S. Ct. at 1990).

3.

Accordingly, applying our broader reading of "relating to," we turn our attention to the language of the statutes and conclude that Portanova has a prior conviction "relating to" the child pornography offenses described in § 2252(b)(1).

The Pennsylvania statute, 18 Pa. Con. Stat. § 6312(c) and (d), under which Portanova was convicted, provides:

> (c) Dissemination of photographs, videotapes, computer depictions and films.—Any person who knowingly sells, distributes, delivers, disseminates, transfers, displays or exhibits to others, or who possesses for the purpose of sale, distribution, delivery, dissemination, transfer, display or exhibition to others, any book, magazine, pamphlet, slide, photograph, film, videotape, computer depiction or other material depicting a child under the age of 18 years engaging in a prohibited sexual act or in the simulation of such act commits an offense.
>
> (d) Child pornography.—Any person who intentionally views or knowingly possesses or controls any book, magazine, pamphlet, slide, photograph, film, videotape,

computer depiction or other material depicting a child under the age of 18 years engaging in a prohibited sexual act or in the simulation of such act commits an offense.[58]

A "[p]rohibited sexual act" is defined in the same section as "[s]exual intercourse as defined in section 3101 (relating to definitions), masturbation, sadism, masochism, bestiality, fellatio, cunnilingus, lewd exhibition of the genitals or nudity if such nudity is depicted for the purpose of sexual stimulation or gratification of any person who might view such depiction."[59]

In determining whether Portanova's Pennsylvania convictions relate to "the . . . possession . . . of child pornography" under § 2252(b)(1), we must also determine what constitutes the federal generic offense of "possession . . . of child pornography." As discussed, we read the term generically, taking the federal statutory definition of "child pornography" as our starting frame of reference, but we do not confine ourselves to it.[60]

---

[58] 18 Pa. Con. Stat. § 6312(c)–(d).

[59] *Id.* § 6312(g).

[60] *See Mayokok*, 854 F.3d at 992–93; *see also Burgess v. United States*, 553 U.S. 124, 129 (2008) ("Statutory definitions control the meaning of statutory words . . . in the usual case.") (quoting *Lawson v. Suwannee Fruit & S.S. Co.*, 336 U.S. 198, 201 (1949)); *cf. Reinhart*, 893 F.3d at 613 ("[A]pplying well-established statutory principles, where there

Federal law defines "child pornography" as "any visual depiction . . . of a minor engaging in sexually explicit conduct."[61]   In turn, at the time of the offense conduct, "'sexually explicit conduct' means actual or simulated—(i) sexual intercourse, including genital-genital, oral-genital, anal-genital, or oral-anal, whether between persons of the same or opposite sex; (ii) bestiality; (iii) masturbation; (iv) sadistic or masochistic abuse; or (v) lascivious exhibition of the genitals or pubic area of any person."[62]

Parsing these statutes, Portanova argues that, since the federal definition reaches only the "lascivious exhibition of the genitals or pubic area"[63] and does not encompass other "nudity if such nudity is depicted for the purpose of sexual stimulation or gratification of any person who might view such depiction,"[64] the state statute is overbroad.  Not so.[65]  Under

---

is a federal definition of 'child pornography' in the same statutory chapter as the sentencing enhancement provision at § 2252(b)(2), we apply that definition.").

[61] 18 U.S.C. § 2256(8)(A).

[62] *Id.* § 2256(2)(A), *amended by* Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018, Pub. L. No. 115-299, § 7(c)(1)(A), 132 Stat. 4383.

[63] *Id.*

[64] 18 Pa. Con. Stat. § 6312(g).

[65] We agree that, despite ample overlap, the statutes do not criminalize precisely the same conduct.  *See Miller v. Mitchell*, 598 F.3d 139, 144–45, 153–54 n.16 (3d Cir. 2010) (affirming preliminary injunction of child pornography prosecution under 18 Pa. Cons. Stat. § 6312, without deciding whether minor "wrapped in a white, opaque towel, just below

our looser categorical approach, we require no such direct match to establish that Portanova's conviction is one "relating to . . . the . . . possession . . . of child pornography."[66]

Applying this broader meaning of "relating to," Portanova's prior Pennsylvania conviction stands in some relation and pertains to "the . . . possession . . . of child pornography," and the § 2252(b) mandatory minimum applies. Surveying the interrelationship between the statutes, it is readily apparent that the crimes share a logical connection between them. Both statutes focus on the same *actus rei*, including possession and distribution, and, with narrow exception, define nearly identical subject matter as child pornography. In effect, they "target the same, *core* criminal *conduct* such that they are 'directly analogous.'"[67] Portanova's

---

her breasts" constituted "nudity . . . depicted for the purpose of sexual stimulation or gratification."); *Commonwealth v. Moyer*, No. 742 MDA 2016, 2017 WL 809862, at *4 (Pa. Super. Ct. Mar. 1, 2017) (evidence sufficient to support conviction where nude minors were provocatively posed, without reference to genital exposure); *see also Salmoran*, 909 F.3d at 79–80 ("The state statute, meanwhile, applies to *any* nudity—and not necessarily that which shows genitals or the pubic area—depicted for the purpose of sexual stimulation or gratification.") (concluding that nearly identical N.J. Stat. § 2C:24-4(b)(5)(b) criminalizing "[n]udity, if depicted for the purpose of sexual stimulation or gratification of any person who may view such depiction" is broader than § 2256(2)(A)).

[66] 18 U.S.C. § 2252(b)(1).

[67] *Williams*, 880 F.3d at 105 (quoting *Flores*, 856 F.3d at 291) (emphasis added).

reading of the Pennsylvania statute to cover additional types of nudity is insufficient to disrupt the nexus between the possession of "child pornography," "prohibited sexual acts" and their defined subject matter under Pennsylvania law and the possession of child pornography, "sexually explicit conduct," and its subject matter under federal law.

Portanova's prior Pennsylvania conviction, then, is one "relating to . . . the . . . possession . . . of child pornography," and the sentencing enhancement provision applies.

**B.**

Portanova also argues that the breadth and indeterminacy of § 2252(b)(1)'s "relating to" language is unconstitutionally vague, failing to give fair warning or notice and violating the Due Process Clause.[68]

"The void-for-vagueness doctrine reflects the fundamental principle that, in order to comply with the requirements of due process, a statute must give fair warning of the conduct that it prohibits."[69] "[T]he Fifth Amendment's vagueness doctrine bars the Government from 'taking away someone's life, liberty, or property under a criminal law so vague that it fails to give ordinary people fair notice of the conduct it punishes, or so standardless that it invites arbitrary

---

[68] *See United States v. Fontaine*, 697 F.3d 221, 226 (3d Cir. 2012).

[69] *Id.* (citing *Bouie*, 378 U.S. at 351); *see also United States v. Davis*, 139 S. Ct. 2319, 2325 (2019); *Johnson*, 135 S. Ct. at 2556.

enforcement.'"[70]  "These principles apply to laws 'defining elements of crimes' or 'fixing sentences.'"[71]  "Because vagueness challenges are evaluated 'on a case by case basis[,]' we must examine" the statute to determine if it "is vague as applied" to Portanova.[72]

Applying a broad meaning of "relating to" adopted by the Supreme Court and our Court, we examine the statutory definitions of Portanova's crime of conviction and determine whether it is categorically a law "relating to . . . the . . . possession . . . of child pornography," as generically understood under federal law.  As we explained earlier, we find that it does, and that the application of these principles in a broader but straightforward reading of the text does not render the statute unconstitutionally vague.

We find further support for this conclusion in *Lockhart v. United States*, in which the Supreme Court examined another part of § 2252(b)(2), addressing the issue of "whether the

---

[70] *United States v. Green*, 898 F.3d 315, 319 (3d Cir. 2018), *cert. denied*, 139 S. Ct. 1590 (2019) (quoting *Johnson*, 135 S. Ct. at 2556).

[71] *Id.* (quoting *Johnson*, 135 S. Ct. at 2556).

[72] *Moreno v. Attorney Gen. of United States*, 887 F.3d 160, 165 (3d Cir. 2018) (quoting *San Filippo v. Bongiovanni*, 961 F.2d 1125, 1136 (3d Cir. 1992)).  Similarly, the rule of lenity operates "to resolve ambiguity in favor of the defendant only 'at the end of the process of construing what Congress has expressed' when the ordinary canons of statutory construction have revealed no satisfactory construction.'" *Lockhart,* 136 S. Ct. at 968.

phrase 'involving a minor or ward' modifies all items in the list of predicate crimes . . . or only the one item that immediately precedes it."[73]     There, the Supreme Court interpreted § 2252(b)(2) based on "sensible grammatical principle buttressed by the statute's text and structure" and declined to apply the rule of lenity.[74]  Though *Lockhart* did not reach the issue of "[w]hether the terms in § 2252(b)(2) are given their 'generic' meaning . . . or are defined in light of their federal counterparts," or address unconstitutional vagueness, it concluded that § 2252(b)(2)'s terms "are unlikely to sweep in the bizarre or unexpected state offenses."[75]

Accordingly, there is no question that a person of ordinary intelligence would have fair warning that a conviction pursuant to 18 U.S.C. § 2252 could expose him to greater penalties if such a person has a prior state conviction "relating to . . . the . . . possession . . . of child pornography."  As a result, § 2252(b)(1)'s sentencing enhancement provision is not unconstitutionally vague.[76]

---

[73] *Lockhart*, 136 S. Ct. at 961.

[74] *Id.* at 968.

[75] *Id.*

[76] This result is consistent with the conclusions of our sister circuits in unpublished decisions.  *See United States v. Geasland*, 694 F. App'x 422, 439 n.8 (7th Cir. 2017) (mere possibility of constitutional vagueness argument does not render application of § 2252(b)(2)'s "relating to" language plain error), *cert. denied*, 138 S. Ct. 699 (2018); *United States v. Caldwell*, 655 F. App'x 730, 732–33 (11th Cir. 2016) (mere breadth of § 2252(b)(1) is insufficient for unconstitutional vagueness).  Similarly, because the statute is not ambiguous,

## III.

Because we conclude that Portanova's prior conviction is among those "relating to . . . the . . . possession . . . of child pornography," and that the provision is not unconstitutionally vague, he is subject to the fifteen-year mandatory minimum sentence imposed by the District Court under § 2252(b)(1), and we will affirm.

---

the rule of lenity has no place. *See Lockhart*, 136 S. Ct. at 968 ("[T]he arguable availability of multiple, divergent principles of statutory construction cannot automatically trigger the rule of lenity.").