**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 21-1647
_____

UNITED STATES OF AMERICA

v.

JACK ULRICH,
                                        Appellant
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(District Court No. 2:19-cr-00202-001)
Honorable Marilyn J. Horan, U.S. District Judge
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
on March 15, 2022

Before: JORDAN, KRAUSE, and PORTER, *Circuit Judges*

(Filed: March 16, 2022)

_____

**OPINION**[*]
_____

_____

[*]This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does
not constitute binding precedent.

KRAUSE, *Circuit Judge*.

Having pleaded guilty to possession of material depicting the sexual exploitation of a minor, Jack Ulrich now appeals his sentence, claiming that his prior conviction did not qualify him as a prior offender for purposes of triggering the ten-year mandatory minimum prison sentence required under 18 U.S.C. § 2252(b)(2). We discern no error and will affirm.

I.  **DISCUSSION**[1]

A defendant who is found guilty of possessing child pornography under 18 U.S.C. § 2252(a)(4)(B) is subject to an enhanced mandatory minimum penalty of ten years' imprisonment if he has previously been convicted "under the laws of any State relating to . . . the production, possession, receipt, mailing, sale, distribution, shipment, or transportation of child pornography." 18 U.S.C. § 2252(b)(2). To determine whether a prior state conviction qualifies under this sentencing enhancement, we apply the categorical approach, *see United States v. Portanova*, 961 F.3d 252, 255 (3d Cir. 2020), which requires that we "focus[] [our] attention on the statutory definition of [the] prior conviction" to see if it resembles the state laws described in the provision, *United States v. Galo*, 239 F.3d 572, 582 (3d Cir. 2001). We "look only to the fact of conviction and the statutory definition of the prior offense," not "the conduct giving rise to the

---

[1] The District Court had jurisdiction under 18 U.S.C. § 3231. We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a). We exercise plenary review of the District Court's statutory interpretation. *United States v. Portanova*, 961 F.3d 252, 254 n.7 (3d Cir. 2020).

[defendant's] conviction." *Id.* at 577 (citing *Taylor v. United States*, 495 U.S. 575, 600–02 (1990)).

The categorical approach may be "formal" or "loose[]" depending on the sentencing enhancement at issue. *Portanova*, 961 F.3d at 255–56. Under the formal approach, "we line up the elements of the state crime of conviction with the federal generic offense, that is, 'the offense as commonly understood,' and determine if they match." *Id.* (citing *Mathis v. United States*, 136 S. Ct. 2243, 2247, 2249 (2016)). But under the looser approach, we do "not require a precise match between the federal generic offense and state offense elements" but read the state offense "as commonly understood[,] informed by its constituent terms, but not strictly cabined by them." *Id.* at 255–57.

Here, Ulrich pleaded guilty to possession of child pornography in violation of 18 U.S.C. §§ 2252(a)(4)(B) and 2252(b)(2), having previously been convicted of possession of child pornography under 18 Pa. C.S.A. § 6312(d). At sentencing, the District Court applied the looser categorical approach to determine whether Ulrich's prior conviction qualified him for the mandatory minimum sentence under § 2252(b)(2). In doing so, the Court followed *Portanova*, where we concluded, on the basis of the looser categorical approach, that a conviction for possession of child pornography under the same Pennsylvania statute triggered an enhanced mandatory minimum sentence under § 2252(b)(1), which, like § 2252(b)(2), covers prior state convictions "relating to . . . the production, possession, receipt, mailing, sale, distribution, shipment, or transportation of child pornography." *Portanova*, 961 F.3d at 254 (quoting 18 U.S.C. § 2252(b)(1)).

3

Reading the term "relating to" broadly, we held that a conviction under 18 Pa. C.S.A. § 6312(d) triggers the "§ 2252(b) mandatory minimum," as it "stands in some relation and pertains to 'the . . . possession . . . of child pornography.'" *Id.* at 262. The District Court applied this binding precedent to hold that Ulrich's prior conviction under the identical Pennsylvania statute stood "in relation to . . . the . . . possession . . . of child pornography," subjecting him to § 2252(b)(2)'s "enhanced mandatory minimum penalty." Appx. 164.

Ulrich challenges this judgment on two bases, neither of which is persuasive. First, Ulrich contends that the District Court should have applied the formal categorical approach in determining whether his prior Pennsylvania conviction triggered the mandatory minimum sentence under § 2252(b)(2). He acknowledges that *Portanova* is facially controlling but claims it is a nullity under I.O.P 9.1 because it conflicts with our prior precedential opinion in *Galo*, where we applied the categorical approach to conclude that three Pennsylvania statutes did not qualify as "laws . . . relating to the sexual exploitation of children" for purposes of a sentencing enhancement because they covered a wide variety of non-sexual conduct. *Galo*, 239 F.3d at 582–84.

But *Portanova* is consistent with *Galo* and remains binding precedent. Indeed, we rooted our decision to apply the categorical approach in *Portanova* on *Galo*'s application of that approach to an "analogous [sentencing] enhancement under 18 U.S.C. § 2251(d)" that similarly employed the term, "relating to." *Portanova*, 961 F.3d at 255 n.10 (citing *Galo*, 239 F.3d at 576). Moreover, in applying a looser categorical approach, we drew on *Galo*'s reasoning that the analogous enhancement did "not require a sentencing court to

4

determine if the prior conviction satisfie[d] the generic elements of a crime," as typically required by the formal approach. *Id.* at 256 (quoting *Galo*, 239 F.3d at 581). *Portanova* is simply a logical extension of our holding in *Galo*, and it applies on all fours to the present dispute.

Next, Ulrich argues that the District Court's application of § 2252(b)(2) violated his constitutional rights, namely, his Fifth Amendment right to due process and his Sixth Amendment right to trial by jury.[2] In his Fifth Amendment claim, Ulrich contends that § 2252(b)(2) is void-for-vagueness in that it conditions a sentencing enhancement on a defendant's prior conviction "relating to . . . the . . . possession . . . of child pornography." But again, this argument was considered and rejected in *Portanova*, where we held that identical language in "§ 2252(b)(1)'s sentencing enhancement provision is not unconstitutionally vague," as "there is no question that a person of ordinary intelligence would have fair warning that a conviction pursuant to 18 U.S.C. § 2252 could expose him to greater penalties if such a person has a prior state conviction 'relating to . . . the . . . possession . . . of child pornography.'" *Portanova*, 961 F.3d at 263.

---

[2] The Government claims that Ulrich's failure to raise these precise constitutional arguments during his sentencing hearing resulted in waiver under *United States v. Flores-Mejia*, where we held that a party challenging a procedural error at sentencing "must object to the procedural error complained of after sentence is imposed in order to avoid plain error review on appeal." 759 F.3d 253, 255 (3d Cir. 2014) (en banc). But Ulrich thoroughly briefed these issues in his reply to the Government's sentencing memorandum, and he specifically referenced the arguments raised in his "sentencing memorandum and [] reply" when he objected to the District Court's tentative findings at sentencing. Appx. 173. Preservation is therefore satisfied.

Ulrich's final argument fares no better. He contends that, by applying the looser categorical approach, the District Court usurped the jury's fact-finding role in violation of the Sixth Amendment. However, the District Court merely concluded, as a categorical matter, that the statute of Ulrich's prior conviction "related to" the possession of child pornography. This was a "legal, rather than factual determination that depends only on the 'fact of prior conviction,'" which is an explicit exception to the principle that "any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Portanova*, 961 F.3d at 255 n.11 (quoting *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000)).

## II. CONCLUSION

For the foregoing reasons, we will affirm the District Court's judgment.