[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-14422
Non-Argument Calendar
_____

D.C. Docket No. 3:15-cr-00028-MCR-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

SHAWN P. CALDWELL,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida
_____

(July 5, 2016)

Before WILLIAM PRYOR, MARTIN, and FAY, Circuit Judges.

PER CURIAM:

Shawn Caldwell was sentenced to 20 years in prison for possessing child pornography in violation of 18 U.S.C. § 2252A(a)(2).  His sentence was based on a clause in § 2252A that authorizes 15 to 40 years in prison when a defendant "has a

prior conviction . . . under the laws of any State relating to aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor or ward." 18 U.S.C. § 2252A(b)(1). Without a prior conviction like this, § 2252A(b)(1) authorizes 5 to 20 years in prison for § 2252A(a)(2) violations. Id.

Caldwell argues his sentence is unlawful for four reasons. First, he argues that the term "relating to" in § 2252A(b)(1) is unconstitutionally vague. Second, he argues that an Iowa conviction for indecent contact with a child is not an offense "relating to aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor or ward." Third, he argues that a jury needed to decide if the Iowa offense was "relat[ed] to aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor or ward." Fourth, he argues that his prior conviction can't be used to increase his sentence because he pleaded guilty to the prior offense without admitting guilt. We reject each of these arguments and affirm Caldwell's sentence.

## I.

Caldwell first claims that § 2252A(b)(1)'s "relating to" language makes the statute unconstitutionally vague. In the alternative, he argues that the rule of lenity requires us to construe this ambiguous language in his favor. Both are questions of first impression for this Court.

2

The Supreme Court has explained that the government violates the Fifth Amendment "by taking away someone's life, liberty, or property under a criminal law so vague that it fails to give ordinary people fair notice of the conduct it punishes, or so standardless that it invites arbitrary enforcement." Johnson v. United States, __ U.S. __, __, 135 S. Ct. 2551, 2556 (2015). "These principles apply not only to statutes defining elements of crimes, but also to statutes fixing sentences." Id. at 2257; see also United States v. Batchelder, 442 U.S. 114, 123, 99 S. Ct. 2198, 2204 (1979) ("[V]ague sentencing provisions may pose constitutional questions if they do not state with sufficient clarity the consequences of violating a given criminal statute."). Also, these principles apply even if a vague sentencing statute can be read to cover *some* conduct. See Johnson, 135 S. Ct. at 2560–61 ("[A]lthough statements in some of our opinions could be read to suggest otherwise, our *holdings* squarely contradict the theory that a vague provision is constitutional merely because there is some conduct that clearly falls within the provision's grasp."). Instead, the test for whether the vagueness doctrine voids a law is whether the law is so incoherent that it either "denies fair notice to defendants" or "invites arbitrary enforcement by judges." Id. at 2557.

The rule of lenity creates a related but distinct limitation. This "canon of strict interpretation of criminal statutes" is a "junior version of the vagueness doctrine" and "ensures fair warning by so resolving ambiguity in a criminal statute

3

as to apply it only to conduct clearly covered." United States v. Lanier, 520 U.S. 259, 266, 117 S. Ct. 1219, 1225 (1997) (quotation omitted).  The canon "applies not only to interpretations of the substantive ambit of criminal prohibitions, but also to the penalties they impose." Bifulco v. United States, 447 U.S. 381, 387, 100 S. Ct. 2247, 2252 (1980).

The statute at issue here requires a minimum 15-year prison sentence if a defendant has "a prior conviction . . . under the laws of any State relating to aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor or ward." 18 U.S.C. § 2252A(b)(1).  This language is identical to language in 18 U.S.C. § 2252(b)(1) that also requires a minimum 15-year prison sentence. The Supreme Court recently interpreted the identical § 2252(b)(1) language in Lockhart v. United States,  __ U.S. __, 136 S. Ct. 958 (2016), and held that the term "involving a minor or ward" in "aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor or ward" modifies only "abusive sexual conduct" rather than all of "aggravated sexual abuse, sexual abuse, or abusive sexual conduct." Id. at 961.

Lockhart didn't address the vagueness doctrine, but the opinion shows why neither § 2252(b)(1) nor § 2252A(b)(1) are unconstitutionally vague.  Lockhart rejected the argument that § 2252(b)(1) should be construed using the rule of lenity. Id. at 968.  This shows that the Supreme Court saw no reason to doubt that

4

§ 2252(b)(1) "ensures fair warning." Lanier, 520 U.S. at 266, 117 S. Ct. at 1225 (quotation omitted).  The Court interpreted the language in § 2252(b)(1) based on what it called "a sensible grammatical principle buttressed by the statute's text and structure."  Id.  Although Lockhart interpreted the phrase "involving a minor or ward" rather than "relating to," the opinion shows that the language of § 2252(b)(1) and § 2252A(b)(1) can be read and applied in a coherent way.[1]  This means § 2252A(b)(1) isn't "so vague that it fails to give ordinary people fair notice of the conduct it punishes."  Johnson, 135 S. Ct. at 2556.

Even without Lockhart, it's clear that the phrase "relating to" doesn't make § 2252(b)(1) and § 2252A(b)(1) unconstitutionally vague.  Caldwell points to nothing that suggests that those two words in any way compare to the "indeterminacy of the wide-ranging inquiry required by the" language discussed in Johnson.  Id. at 2557.  Nor does he argue that courts have struggled in any way to make sense of either this phrase or any similar phrase in another context.  And he does not show that either executive or judicial interpretations of this term have been at all inconsistent, unpredictable, or arbitrary.  All he says is that "relating to" can be read broadly, to cover many state offenses "relating to aggravated sexual

---

[1] Even the two dissenting Justices in Lockhart agreed that § 2252(b)(1) had a coherent meaning, although they thought a different one.  See 136 S. Ct. at 977 (Kagan, J., dissenting).  They added that any ambiguities should be construed using the rule of lenity.  See id.

5

abuse, sexual abuse, or abusive sexual conduct involving a minor or ward." This breadth alone does not make the statute unconstitutionally vague.

## II.

Caldwell next argues that his Iowa conviction for indecent contact with a minor is not an offense "relating to aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor or ward." When determining whether a prior conviction qualifies as a predicate offense for sentencing purposes, courts apply what is called a "categorical approach." This means we look only to the elements of the earlier conviction and compare those elements to the elements of the offense mentioned in the federal statute. See generally Taylor v. United States, 495 U.S. 575, 110 S. Ct. 2143 (1990). For traditional offenses like burglary, this comparison is based on the historical, generic definition of the offense. Id. at 598–602, 110 S. Ct. at 2158-60. For non-traditional offenses like sexual abuse, we simply interpret the plain language of the statute. See United States v. Ramirez-Garcia, 646 F.3d 778, 784 (11th Cir. 2011).

We have interpreted the phrase "sexual abuse of minor" to "mean[] a physical or nonphysical misuse or maltreatment of a minor for a purpose associated with sexual gratification." United States v. Padilla-Reyes, 247 F.3d 1158, 1163 (11th Cir. 2001). This

> includes acts that involve physical contact between the perpetrator and the victim as well as acts that do not. . . . Furthermore, the modifier

6

'sexual' does not limit the phrase's scope to abuse of the physical variety.  Rather than describing the form of the abuse as a 'sexual' physical contact, we think the word 'sexual' in the phrase 'sexual abuse of a minor' indicates that the perpetrator's intent in committing the abuse is to seek libidinal gratification.

Id.  We have thus held that "sexual abuse of a minor" is not limited "to instances where the perpetrator is present in front of the minor, where the minor is aware of the abuse, or where the perpetrator makes contact with the minor." Ramirez-Garcia, 646 F.3d at 784.

Also, we have "interpreted the phrase 'relating to' broadly in the context of child exploitation offenses." United States v. Mathis, 767 F.3d 1264, 1284 (11th Cir. 2014) (per curiam).  The Supreme Court

has also interpreted the phrase "relating to" in an inclusive fashion. In Morales v. Trans World Airlines, Inc., the Court considered the phrase in the context of 49 U.S.C. § 1305(a)(1) and determined that it means "to stand in some relation; to have bearing or concern; to pertain; refer; to bring into association with or connection with . . . ." Likewise, although not binding on us, the Ninth Circuit has similarly interpreted the statute in question, stating that "§ 2252A does not simply mandate a sentencing enhancement for individuals convicted of state offenses *equivalent* to sexual abuse.  Rather, it mandates the enhancement for any state offense that stands in some relation, bears upon, or is associated with that generic offense."

United States v. McGarity, 669 F.3d 1218, 1262 (11th Cir. 2012) (citations omitted).  McGarity held that § 2252A(b)(1) covered a Georgia state conviction for "enticing a minor for indecent purposes," even though the "conviction was not predicated on touching or attempting to touch a minor" and was instead "founded

upon [the defendant's] discussions of illicit sexual acts with a minor." Id. at 1261–62. We held that these "actions necessarily related to 'aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor.'" Id. at 1262.

Here, Caldwell was convicted of violating a statute that made it a crime to

> commit[] any of the following acts with a child, not the person's spouse, with or without the child's consent, for the purpose of arousing or satisfying the sexual desires of either of them:
> > 1.  Fondle or touch the inner thigh, groin, buttock, anus, or breast of the child;
> > 2.  Touch the clothing covering the immediate area of the inner thigh, groin, buttock, anus, or breast of the child;
> > 3.  Solicit or permit a child to fondle or touch the inner thigh, groin, buttock, anus, or breast of the person;
> > 4.  Solicit a child to engage in any act prohibited under section 709.8, subsection 1, 2, or 4.[2]

Iowa Code § 709.12 (1999). The district court ruled that "Caldwell's conviction under the Iowa Statute 709.12 is a qualifying predicate offense under 2252A(b)(1)." Caldwell says this was wrong because § 709.12 does not divide into alternative crimes in the way required by Taylor v. United States, 495 U.S. 575, 110 S. Ct. 2143 (1990), and Descamps v. United States, 570 U.S. ___, 133 S.

---

[2] This section made it a crime

> to perform any of the following acts with a child with or without the child's consent unless married to each other, for the purpose of arousing or satisfying the sexual desires of either of them:
> > 1.  Fondle or touch the pubes or genitals of a child.
> > 2.  Permit or cause a child to fondle or touch the person's genitals or pubes.
> > . . .
> > 4.  Inflict pain or discomfort upon a child or permit a child to inflict pain or discomfort on the person.

Iowa Code § 709.8 (1999).

Ct. 2276 (2013).  But even if Caldwell is correct about the Iowa statute's divisibility, it doesn't make a difference here.  The entirety of § 709.12 defines an offense "relating to aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor."  18 U.S.C. § 2252A(b)(1).  The first two subsections criminalize direct sexual abuse, and the second two subsections criminalize the solicitation of such abuse.  Each of these subsections thus describes an offense "relating to . . . sexual abuse or abusive sexual conduct involving a minor," so § 2252A(b)(1) covers Caldwell's conviction no matter which subsection of § 709.12 he violated.

Caldwell claims all of § 709.12 is *not* covered by § 2252A(b)(1) based on United States v. Pierson, 544 F.3d 933 (8th Cir. 2008), which held that "conviction under subsections 1 or 2 of § 709.12 would qualify as a prior conviction for abusive sexual contact" but "conviction under subsections 3 or 4 would not."  Id. at 942.  The Eighth Circuit did not explain this distinction.  To the extent that court relied upon the fact that subsections 1 and 2 criminalize direct physical contact and subsections 3 and 4 criminalize "solicit[ing]" or "permit[ting]" the same contact, our precedent does not allow this distinction.   We have held that "sexual abuse of a minor" is not limited "to instances where the perpetrator is present in front of the minor, where the minor is aware of the abuse, or where the perpetrator makes contact with the minor."  Ramirez-Garcia, 646 F.3d at 784.  We have also held that

9

a conviction for "enticing a minor for indecent purposes" is "necessarily related to 'aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor.'"  McGarity, 669 F.3d at 1261–62; see also United States v. Johnson, 451 F.3d 1239, 1243 (11th Cir. 2006) (holding the same for the offense of "performing a lewd act in front of a minor").  We must apply our precedent here.

### III.

Caldwell makes two more arguments about his Iowa conviction, both of which are squarely foreclosed by precedent.  First, Caldwell argues that a jury needed to decide if his Iowa offense "relat[es] to aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor or ward."  The Supreme Court has long held that a judge can increase a sentence based on "the fact of a prior conviction" even if a jury never found that fact.  See, e.g., Alleyne v. United States, 570 U.S. ___, __, 133 S. Ct. 2151, 2160 n.1 (2013).  And this Court has held that judges can decide which state offenses fall under a federal statute's reference to prior offenses because this is a question of law.  See United States v. Gibson, 434 F.3d 1234, 1247–48 (11th Cir. 2006).  Indeed, Caldwell's appeal brief argues that § 2252A(a)(2) covers the Iowa offense "as a matter of law."  Caldwell cites no precedent requiring a jury to decide this matter of law, and Gibson held otherwise.

Caldwell next argues that his prior conviction can't be used to increase his sentence because his guilty plea in Iowa court was based on North Carolina v. Alford, 400 U.S. 25, 91 S. Ct. 160 (1970), which held that criminal defendants may plead guilty to crime while denying guilt. Id. at 38, 91 S. Ct. at 168. We treat Alford pleas the same as any other guilty pleas for purposes of future sentencing. See United States v. Ramirez-Gonzalez, 755 F.3d 1267, 1273 (11th Cir. 2014) (per curiam). So does Iowa law. See State v. Knight, 701 N.W.2d 83, 89 (Iowa 2005). Ramirez-Gonzalez bars Caldwell's claim that a conviction based on a Alford plea can't serve as the factual basis for increasing his sentence in federal court.[3]

**AFFIRMED.**

---

[3] To be clear, Caldwell makes two separate claims about his Alford plea. First, he says Alford pleas can't ever serve as the factual basis for a higher sentence. Ramirez-Gonzales says otherwise. Second, he says courts can't use Alford pleas to identify the crime of conviction when the statute of conviction is divisible into multiple crimes. Neither Ramirez-Gonzales nor any other binding precedent seems to have addressed this second issue. Other courts have held that the Sixth Amendment forbids this use of Alford pleas. See, e.g., United States v. Alston, 611 F.3d 219, 221 (4th Cir. 2010); United States v. Savage, 542 F.3d 959, 966 (2d Cir. 2008). Because we conclude that it would make no difference in this case which part of the Iowa statute Caldwell was convicted under, we do not decide this issue.