UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

August Term, 2021

(Argued:  December 8, 2021      Decided:  August 31, 2022)

Docket No. 20-3371-cr

———————————————

UNITED STATES OF AMERICA,
*Appellee,*

v.

RYAN RAGONESE,
*Defendant-Appellant.*

———————————————

Before:      SACK, LYNCH, and BIANCO, *Circuit Judges.*

Defendant-appellant Ryan Ragonese pled guilty to one count of receipt of child pornography, in violation of 18 U.S.C. §§ 2252A(a)(2)(B), (b)(1), and 2, and one count of possession of child pornography, in violation of 18 U.S.C. §§ 2252A(a)(5)(B), (b)(2), and 2.  The district court applied sentencing enhancements under 18 U.S.C. § 2252A(b)(1) and (b)(2), which increase the mandatory minimum sentence if the defendant has a prior conviction "under the laws of any State relating to aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor or ward."  *Id.*  Ragonese was previously convicted in New York for attempted sodomy in the first degree against an eight-year-old victim.  N.Y. Penal Law § 130.50 (1965).  Ragonese argues that the federal sentencing enhancements are inapplicable because the New York law does not qualify as a predicate offense under the modified categorical approach.  Ragonese further argues that the sentencing enhancements, as interpreted by the district court, are unconstitutionally vague.  We agree with the district court that Ragonese's prior conviction categorically "relates to" the sexual abuse of a minor, and we conclude that the sentencing enhancements in 18 U.S.C. § 2252A(b)(1) and (b)(2) are not unconstitutionally vague.  We therefore

AFFIRM the judgment of the district court.

DANIEL H. WOLF, Assistant United States
Attorney (Christine I. Magdo, Won S. Shin,
Assistant United States Attorneys, *on the
brief*), *for* Audrey Strauss, United States
Attorney for the Southern District of New
York, New York, NY, *for Appellee*;

COLLEEN P. CASSIDY, Federal Defenders of
New York, Inc., New York, NY, *for
Defendant-Appellant.*

SACK, *Circuit Judge*:

Ryan Ragonese pled guilty to two counts of receiving and possessing child pornography after law enforcement agents found eighty-six videos depicting child pornography on his cell phone. The district court (Paul A. Crotty, *Judge*) applied sentencing enhancements under 18 U.S.C. § 2252A(b)(1) and (b)(2), which increase the mandatory minimum sentence if the defendant has a prior conviction "under the laws of any State relating to aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor or ward." *Id.* Ragonese was previously convicted in New York for attempted sodomy in the first degree against an eight-year-old victim. N.Y. Penal Law § 130.50 (1965). The New York statute prohibited, in relevant part, "engag[ing] in deviate sexual intercourse with another person . . . [w]ho is less than eleven years old." *Id.*

Ragonese argues that the sentencing enhancements under § 2252A(b)(1)

and (b)(2) are inapplicable under a modified categorical approach.  Specifically,

he contends that his prior conviction does not "relat[e] to" the sexual abuse of a

minor, because the New York statute does not require that the offense be

committed for the purpose of sexual gratification.  Ragonese further argues that a

broader interpretation of "relating to" would be unconstitutionally vague.  For

the reasons set forth below, we AFFIRM the judgment of the district court.

## BACKGROUND

*Factual Background*

On April 24, 2018, Ryan Ragonese uploaded a video to an Instagram

account that depicted an adult male engaging in oral sex with a minor who was

approximately eight to ten years old.  On February 21, 2019, Ragonese

participated in a voluntary interview with law enforcement agents, and he

admitted to possessing the video and controlling the Instagram account.  The

agents executed a search of Ragonese's cell phone, where they found a recently

deleted "note" containing a hyperlink to a cloud storage folder that held eighty-

six videos depicting child pornography.  The videos involved minors between

the ages of six and eighteen.  Ragonese admitted that he obtained some of these

3

videos by posing as an adolescent on social media and soliciting explicit material from minors.

### Procedural History

On March 4, 2019, Ragonese was indicted on one count of receipt of child pornography, in violation of 18 U.S.C. §§ 2252A(a)(2)(B), (b)(1), and 2, and one count of possession of child pornography, in violation of 18 U.S.C. §§ 2252A(a)(5)(B), (b)(2), and 2.

On June 28, 2019, Ragonese moved for a preliminary ruling on whether a previous conviction reflected in his record triggered the federal sentencing enhancements under 18 U.S.C. § 2252A.  The sentencing enhancements apply if, in relevant part, the defendant "has a prior conviction . . . under the laws of any State relating to aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor or ward."  18 U.S.C. § 2252A(b)(1) and (b)(2).  For convictions under § 2252A(a)(2), the sentencing enhancement increases the mandatory minimum sentence from five years to fifteen years.  *Id.* § 2252A(b)(1). For convictions under § 2252A(a)(5), the sentencing enhancement increases the mandatory minimum sentence from zero years to ten years.  *Id.* § 2252A(b)(2).

Ragonese was previously convicted in 1996 for attempted sodomy in the

4

first degree under New York law.  N.Y. Penal Law § 130.50 (1965) ("Section

130.50").  Section 130.50 prohibited "engag[ing] in deviate sexual intercourse

with another person: (1) By forcible compulsion; or (2) Who is incapable of

consent by reason of being physically helpless; or (3) Who is less than eleven

years old." [1]  *Id.*  The statute defined "deviate sexual intercourse" as "sexual

conduct between persons not married to each other consisting of contact between

the penis and the anus, the mouth and penis, or the mouth and the vulva."  N.Y.

Penal Law § 130.00(2) (1984).  Ragonese was twenty-three years old at the time of

the offense conduct, and the victim was the eight-year-old daughter of

Ragonese's friend.

Before the district court, Ragonese argued that the sentencing

enhancements should not apply because Section 130.50 is not limited to conduct

undertaken for the purpose of sexual gratification.  Therefore, Ragonese argued,

Section 130.50 does not "relat[e] to" the sexual abuse of a minor and cannot

---

[1] In 2001, New York expanded the definition of first-degree sodomy to include engaging in deviate sexual intercourse with another person "[w]ho is less than thirteen years old and the actor is eighteen years old or more."  N.Y. Penal Law § 130.50(4) (Feb. 1, 2001).  In 2003, the crime was renamed "criminal sexual act in the first degree," and was amended to prohibit engaging in "oral sexual conduct or anal sexual conduct," rather than deviate sexual intercourse, in the same four circumstances previously defined.  N.Y. Penal Law § 130.50 (Nov. 1, 2003).

qualify as a predicate offense. *See* 18 U.S.C. § 2252A(b)(1) and (b)(2). The district court rejected these arguments, concluding that because Section 130.50 "proscribes non-consensual sexual acts with a minor," *United States v. Ragonese*, No. 19-cr-154, 2019 U.S. Dist. LEXIS 154011, at *5 (S.D.N.Y. Sept. 10, 2019) (quoting *United States v. Barker*, 723 F.3d 315, 324 (2d Cir. 2013)), Ragonese's prior conviction "'relate[s] to' 'abusive sexual conduct involving a minor' as that phrase is ordinarily understood and thus, triggers the penalty enhancements," *id.* at *9.

On July 29, 2020, Ragonese pled guilty to both counts in the indictment. Consistent with its ruling that the sentencing enhancements under § 2252A(b)(1) and (b)(2) apply, the district court sentenced Ragonese to two concurrent terms of 180 months' imprisonment, to be followed by five years of supervised release.

Ragonese appealed.

## DISCUSSION

### I. Standard of Review

"We review *de novo* all questions of law relating to the district court's application of a sentencing enhancement." *United States v. Kleiner*, 765 F.3d 155, 158 (2d Cir. 2014) (internal quotation marks omitted).

Ragonese also raises a vagueness challenge for the first time on appeal, which we review for plain error. *See United States v. Napout*, 963 F.3d 163, 182-83 (2d Cir. 2020). "Under plain error review, an appellant must demonstrate that '(1) there is an error; (2) the error is clear or obvious, rather than subject to reasonable dispute; (3) the error affected the appellant's substantial rights, which in the ordinary case means it affected the outcome of the district court proceedings; and (4) the error seriously affects the fairness, integrity or public reputation of judicial proceedings.'" *Id.* at 183 (quoting *United States v. Marcus*, 560 U.S. 258, 262 (2010)).

## II. Application of the Sentencing Enhancements under 18 U.S.C. § 2252A(b)(1) and (b)(2)

To determine whether a prior conviction qualifies as a predicate offense for a federal sentencing enhancement, we apply what is known as the categorical approach or modified categorical approach. *See Descamps v. United States*, 570 U.S. 254, 257-65 (2013); *United States v. Simard*, 731 F.3d 156, 161 (2d Cir. 2013). Under these approaches, we must "consider whether [the defendant's] state conviction meets the elements of the applicable [federal] generic offense." *Barker*, 723 F.3d at 321. In doing so, "[s]entencing courts may 'look only to the statutory definitions'—*i.e.*, the elements—of a defendant's prior offenses, and *not* 'to the

7

particular facts underlying those convictions.'"  *Descamps*, 570 U.S. at 261

(quoting *Taylor v. United States*, 495 U.S. 575, 600 (1990)).

The categorical approach applies when the state offense has a "single,

indivisible set of elements," such that the sentencing court can simply "compare

the statute forming the basis of the defendant's prior conviction with the

applicable generic offense in the federal sentencing statute."  *Barker*, 723 F.3d at

319-20.  The modified categorical approach applies "when a divisible statute,

listing potential offense elements in the alternative, renders opaque which

element played a part in the defendant's [prior] conviction."  *Descamps*, 570 U.S.

at 260.  Under those circumstances, the sentencing court may consider facts

underlying the prior conviction only to the extent necessary to determine the

particular provision of state law under which the defendant was convicted.

*Barker*, 723 F.3d at 319-20.  "Once the district court has identified the particular

provision of state law under which the defendant was convicted, the district

court must then compare the elements of that provision to the generic federal

sentencing enhancement to determine its applicability just as it would under a

categorical approach."  *Id.* at 320.

8

Here, the parties do not dispute that the modified categorical approach applies, because Ragonese's prior conviction was based on a divisible statute that listed potential offense elements in the alternative. *See* N.Y. Penal Law § 130.50 (1965) (criminalizing three different forms of deviate sexual intercourse). The parties also do not dispute that Ragonese's conviction was under Section 130.50(3), which criminalized deviate sexual intercourse with a child who is less than eleven years old.

But the specific sentencing enhancements at issue provide a twist. They are triggered not only when the prior conviction *matches* an enumerated offense in the federal penalty provision – "aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor or ward" – but also when the prior conviction "relate[s] to" such offenses. 18 U.S.C. § 2252A(b)(1) and (b)(2). Ragonese argues that his 1996 conviction does not "relat[e] to" the sexual abuse of a minor, because Section 130.50 does not require that the crime be committed "for the purpose of sexual gratification." Appellant's Br. 10. According to Ragonese, the district court "circumvented" the modified categorical approach by treating his state conviction as a predicate offense "even though its elements were materially different" from the generic federal crime. *Id.* at 14, 17.

9

Ragonese's argument overlooks the precise purpose of the "relating to" language. The instructive case is *United States v. Barker*, 723 F.3d 315 (2d Cir. 2013), where we explained that Congress's use of the phrase "relating to" sought to "recogniz[e] variation in the diverse state sexual misconduct laws that could lead to predicate offenses under [Section 2252A(b)(1) and (b)(2)]." *Id.* at 324 (emphasis omitted). Although the categorical approach typically calls for a strict comparison between the elements of the state offense and the elements of the generic offense, Congress loosened that comparison in the context of sexual abuse laws, such that the sentencing enhancements "apply not simply to state offenses that are equivalent to sexual abuse, but rather to 'any state offense that stands in some relation [to], bears upon, or is associated with [the] generic offense.'" *Id.* at 322-23 (quoting *United States v. Strickland*, 601 F.3d 963, 967 (9th Cir. 2010)).

That is indeed a broad definition of "relating to," but for the purposes of this case, we do not need to define the outer bounds of when a state offense "relat[es] to" the sexual abuse of a minor. We have no trouble concluding that *this* particular state offense – "deviate sexual intercourse" with a victim under eleven years old – relates to the sexual abuse of a minor. "Deviate sexual

intercourse," defined by the statute as "*sexual* conduct between persons not married to each other consisting of contact between the penis and the anus, the mouth and the penis, or the mouth and the vulva," is a quintessentially sexual act, and when the victim is less than eleven years old, that conduct "relates to" the sexual abuse of a minor.  N.Y. Penal Law § 130.00(2) (1984) (emphasis added).

By contrast, for example, in *United States v. Beardsley*, 691 F.3d 252 (2d Cir. 2012), we held that a New York statute prohibiting "endangering the welfare of a child" did not "relate to" the sexual abuse of a minor because – even though its scope *could* include instances of sexual misconduct – the statute "cover[ed] a wide variety of conduct, most of it nonsexual, that shares only the general defining characteristic of the endangerment of children in any way at all."  *Id.* at 269.

Unlike the statute in *Beardsley*, Section 130.50 is defined only in terms of sexual conduct.  *See Barker*, 723 F.3d at 324 ("We conclude that a law that proscribes non-consensual sexual acts with a minor victim addresses, by its nature, 'abusive sexual conduct involving a minor . . . .'").[2]

---

[2] We have previously noted that "abusive sexual conduct involving a minor" is "defined *ordinarily* as 'misuse or maltreatment of a minor for a purpose associated with sexual gratification.'"  *Barker*, 723 F.3d at 324 (emphasis added) (quoting *United States v. Sonnenberg*, 556 F.3d 667, 671 (8th Cir. 2009)).  But, as the district court explained, we have never "limited eligible predicate offenses to

Ragonese argues that *Barker* is inapplicable because it addressed a different element of the federal sexual abuse statute – the "abusiveness" requirement – and not the intent element that Ragonese raises here. *Barker* concerned the sentencing enhancement under 18 U.S.C. § 2252(b)(2), which increases the statutory penalty range for possession of child pornography if, like the enhancements under § 2252A(b)(1) and (b)(2), the defendant has a prior conviction "under the laws of any State relating to aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor or ward." The defendant in *Barker* argued that the statute under which he was previously convicted – Vermont's former statutory rape law, Vt. Stat. Ann. tit. 13, § 3252(a)(3) (1990) – was broader than the generic federal offense, because the Vermont law lacked "'some aggravating factor' element requiring that the defendant's prior criminal conduct was 'abusive.'" *Barker*, 723 F.3d at 322.

---

only those explicitly requiring the purpose of sexual gratification as an element of the offense." *Ragonese*, 2019 U.S. Dist. LEXIS 154011, at *7 (internal quotation marks omitted). Again, we need not decide today the precise range of offenses that relate to sexual abuse involving a minor. It is enough to recognize, as *Barker* did, that "a law that proscribes non-consensual sexual acts with a minor victim addresses, by its nature, 'abusive sexual conduct involving a minor.'" 723 F.3d at 324.

12

We rejected that argument, relying on the phrase "relating to" in

§ 2252(b)(2) to conclude that "Vermont's statutory rape provision need not

mirror [the federal generic offense] or otherwise criminalize comparable conduct

to fall within section 2252(b)(2)'s broad language." *Id.* at 323. Nothing in *Barker*

limited its reasoning to the "abusiveness" element at issue. Rather, *Barker* stated,

in general terms, that a sexual abuse law can qualify as a predicate offense even

if it is "materially different" from the federal offense, as long as it "stands in

some relation [to], bears upon, or is associated with [the] generic offense." *Id.*

Section 130.50 falls well within those parameters. It is "a law that proscribes

non-consensual sexual acts with a minor victim" and thus "addresses, by its

nature, 'abusive sexual conduct involving a minor.'" *Id.* at 324.

Ragonese points to one unpublished district court decision which

concluded that the sentencing enhancements in § 2252A(b)(1) and (b)(2)

"contemplate acts of sexual abuse or abusive sexual contact/conduct involving a

minor undertaken for the purpose of gratification or arousal, not to humiliate or

degrade a victim." *United States v. Vado*, No. 14-cr-666, 2015 WL 1611337, at *10

(S.D.N.Y. Apr. 10, 2015). We are, of course, not bound by *Vado*'s conclusion, and

we do not find it persuasive as applied to the facts at bar. The state law at issue

13

in *Vado* – New Jersey's criminal sexual contact law, N.J. Stat. Ann. § 2C:14-3 – was meaningfully different from Section 130.50. The New Jersey statute covered "utterly non-sexual conduct" such as "an adult spanking a child on the buttocks to humiliate him or her, a high-school student ostentatiously grabbing his or her own buttocks or genitals to signal 'you are this' to a rival as a sign of ultimate disrespect, [or] a fraternity brother mooning (or worse) a crowd that included youngsters during a public event." *Vado*, 2015 WL 1611337, at *14. *Vado*'s conclusion was based on the court's observation that "[i]n no vernacular sense of the term can such acts be considered 'relating to' sexual abuse." *Id.*

By contrast, Section 130.50 "exclusively covered *sexual* acts with a minor and thus, in all applications relates to sexual abuse laws." *Ragonese*, 2019 U.S. Dist. LEXIS 154011, at *9 (emphasis in original). Ragonese does not identify, nor are we aware of, any examples of "'outlier' nonsexual conduct" that would be covered by Section 130.50. *Id.* Section 130.50 is therefore more akin to the Vermont statute in *Barker* than the New Jersey statute in *Vado* or the child endangerment statute in *Beardsley*, in that it only covers abuse of a sexual nature, as that term is "ordinarily understood." *Barker*, 723 F.3d at 324. We need not

14

reach further to conclude that Ragonese's 1996 conviction triggers the sentencing enhancements in § 2252A(b)(1) and (b)(2).

### III. Vagueness Challenge

Ragonese argues, for the first time on appeal, that if "relating to" refers to any offense that "stands in some relation to, bears upon, or is associated with" sexual abuse, then the sentencing enhancements under § 2252A(b)(1) and (b)(2) are unconstitutionally vague. Appellant's Br. 21. However, Ragonese does not point to any binding authority to that effect, nor are we aware of any.[3] For that reason alone, we find no plain error. *See United States v. Whab*, 355 F.3d 155, 158 (2d Cir. 2004) ("We typically will not find [plain] error where the operative legal question is unsettled, including where there is no binding precedent from the Supreme Court or this Court." (internal quotation marks omitted)).

Even if Ragonese's vagueness challenge were not subject to such a high standard of review, however, it would still fail on the merits. "A statute raises vagueness concerns if it does not 'define the criminal offense with sufficient

---

[3] In fact, as the government points out, other circuits that have addressed vagueness challenges to similarly worded sentencing enhancements uniformly rejected them. *See United States v. Hudson*, 986 F.3d 1206, 1214-16 (9th Cir. 2021) (Section 2252(b)(2)); *United States v. Portanova*, 961 F.3d 252, 262-63 (3d Cir. 2020) (Section 2252(b)(1)); *United States v. Caldwell*, 655 F. App'x 730, 731-33 (11th Cir. 2016) (Section 2252A(b)(1)).

definiteness that ordinary people can understand what conduct is prohibited and in a manner that does not encourage arbitrary and discriminatory enforcement.'" *United States v. Scott*, 979 F.3d 986, 993 (2d Cir. 2020) (quoting *Kolender v. Lawson*, 461 U.S. 352, 357 (1983)). "[W]e typically evaluate '[v]agueness challenges to statutes not threatening First Amendment interests . . . only 'on an as-applied basis.'" *United States v. Requena*, 980 F.3d 30, 40 (2d Cir. 2020) (quoting *Maynard v. Cartwright*, 486 U.S. 356, 361 (1988)). An ordinary person could certainly understand that engaging in sexual conduct "consisting of contact between the penis and the anus, the mouth and the penis, or the mouth and the vulva" with a child under the age of eleven "relat[es] to" the sexual abuse of a minor. A statute is not unconstitutionally vague merely because it is broad, and we find no vagueness problem with the sentencing enhancements in this case.

## CONCLUSION

We have considered the defendant's remaining arguments on appeal and conclude that they are without merit. We therefore AFFIRM the judgment of the district court.