# United States Court of Appeals
## For the Eighth Circuit

_____

No. 24-1544
_____

United States of America

*Plaintiff - Appellee*

v.

Matthew E. Madden

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Missouri

_____

Submitted: November 22, 2024
Filed: April 25, 2025

_____

Before SHEPHERD, ERICKSON, and GRASZ, Circuit Judges.

_____

GRASZ, Circuit Judge.

After a bench trial, the district court[1] found Matthew Madden guilty of unlawfully possessing a firearm as an unlawful drug user in violation of 18 U.S.C. §§ 922(g)(3) and 924(a)(2). Madden sought a judgment of acquittal, arguing the

_____

[1]The Honorable Brian C. Wimes, United States District Judge for the Western District of Missouri.

government presented insufficient evidence to sustain a conviction and that 18 U.S.C. § 922(g)(3) is unconstitutionally vague on its face and as applied to him. The district court disagreed, concluding the government presented sufficient evidence to convict and the statute was not unconstitutionally vague on its face or as applied to Madden in light of Madden's conceded knowledge of being an unlawful drug user in possession of a firearm. Madden challenges the district court's decision, which we now affirm.

After the government brought charges against Madden, he entered an Agreement for Pretrial Diversion. In the diversion agreement, the parties stipulated to a number of facts, including the following: Madden was observed throwing water bottles at officers during a protest; after officers asked to speak with Madden, he fled; while fleeing, Madden discarded a fanny pack he was carrying; and when officers searched the fanny pack and Madden's person, they discovered a small plastic bag containing 1.23 grams of a green leafy substance, a loaded .40 caliber semi-automatic handgun, and an extended round magazine containing twenty-seven live .40 caliber rounds. Madden conceded he knew there was marijuana and a gun inside the fanny pack. Madden also admitted he habitually used marijuana since he was about five years old, smoking approximately one to two marijuana cigarettes a day. These stipulated facts were to be used against Madden in a bench trial if he breached the diversion agreement.

After the government determined that Madden violated the diversion agreement and absconded, the government reinitiated prosecution. At the bench trial, the government offered the diversion agreement, including the stipulated facts, into evidence and then rested. Madden argued he was entitled to acquittal because there was insufficient evidence and 18 U.S.C. § 922(g)(3) was unconstitutionally vague in violation of the Due Process Clause of the Fifth Amendment to the United States Constitution. The district court rejected both contentions and denied Madden's motion for acquittal. Relevant to this appeal, the district court found precedent dictated § 922(g)(3) was not unconstitutionally vague on its face and Madden "failed to show § 922(g)(3) is vague as applied to his conduct because he

conceded that he knew he was an 'unlawful user' of a controlled substance in his diversion agreement."

Madden appeals, arguing the district court erred in its denial of Madden's motion for judgment of acquittal because § 922(g)(3) is unconstitutionally vague in violation of the Fifth Amendment and violates the Second Amendment as applied to him. We review de novo Madden's Fifth Amendment vagueness challenge. *See United States v. KT Burgee*, 988 F.3d 1054, 1060 (8th Cir. 2021). Madden's challenge under the Second Amendment, which he raises for the first time on appeal, is reviewed for plain error. *See United States v. Nunez-Hernandez*, 43 F.4th 857, 859 (8th Cir. 2022).

We begin by considering Madden's void-for-vagueness argument. "A criminal statute is unconstitutionally vague in violation of the Fifth Amendment due process clause if it 'fails to give ordinary people fair notice of the conduct it punishes, or [is] so standardless that it invites arbitrary enforcement.'" *United States v. Turner*, 842 F.3d 602, 604 (8th Cir. 2016) (alteration in original) (quoting *Johnson v. United States*, 576 U.S. 591, 595 (2015)). We have previously observed that without a saving construction, § 922(g)(3) may be unconstitutionally vague as written. *See id.* at 605. Specifically, the statute prohibits "unlawful user[s] of" or anyone "addicted to any controlled substance" from possessing firearms. 18 U.S.C. § 922(g)(3). "Because the term 'unlawful user' 'runs the risk of being unconstitutionally vague,' we interpret it to 'require a temporal nexus' between the gun possession and regular drug use." *United States v. Deng*, 104 F.4th 1052, 1054–55 (8th Cir.), *cert. denied*, 145 S. Ct. 348 (2024) (quoting *United States v. Carnes*, 22 F.4th 743, 748 (8th Cir. 2022) (citation omitted)). *See also United States v. Boslau*, 632 F.3d 422, 430 (8th Cir. 2011). With this narrowing construction, we have rejected facial Fifth Amendment void-for-vagueness challenges to § 922(g)(3) but have "left the door open for as applied challenges[.]" *United States v. Veasley*, 98 F.4th 906, 908–09 (8th Cir.), *cert. denied*, 145 S. Ct. 304 (2024). Relevantly, we have also determined a defendant's as applied vagueness challenge failed when he "admitted that he frequently used marijuana and knew that he was a marijuana user

when he possessed the gun." *Deng*, 104 F.4th at 1055. *Accord United States v. Cooper*, 127 F.4th 1092, 1094 n.1 (8th Cir. 2025) (denying a vagueness argument because Eighth Circuit precedent rejects vagueness challenges by "frequent users" of marijuana).

Through the diversion agreement's stipulations, Madden "admitted that he frequently used marijuana and knew that he was a marijuana user when he possessed the gun[,]" and therefore "he has failed to show that § 922(g)(3) is unconstitutionally vague as applied to him[.]" *Deng*, 104 F.4th at 1055. *Accord United States v. Bramer*, 832 F.3d 908, 909 (8th Cir. 2016) ("Bramer admitted in his written plea agreement to being an unlawful user of marijuana while in knowing possession of at least three firearms[,]" which left the court with "no basis in the record to conclude that the term 'unlawful user' of a controlled substance was unconstitutionally vague as applied to him."). Accordingly, Madden's Fifth Amendment vagueness challenge fails. *Deng*, 104 F.4th at 1055. Further, despite Madden's claim to the contrary, the holding in *New York State Rifle & Pistol Ass'n v. Bruen*, 597 U.S. 1 (2022) does not overrule our precedent governing vagueness challenges. *See*, *e.g.*, *Cooper*, 127 F.4th at 1094 n.1 (acknowledging post-*Bruen* that a vagueness challenge by a frequent user of marijuana could not succeed).

To the extent Madden makes a separate argument claiming § 922(g)(3) violates the Second Amendment as applied to him, he raises it for the first time on appeal and we examine the district court's determination for plain error. *See* Fed. R Crim. P. 52; *Nunez-Hernandez*, 43 F.4th at 859. Under plain error review, "[t]o gain relief, [an appellant] must show an error that is clear or obvious under current law." *United States v. Hinkeldey*, 626 F.3d 1010, 1012 (8th Cir. 2010). While, under the Second Amendment, the constitutionality of § 922(g)(3) as applied to certain users of marijuana may be a valid question, *see Cooper*, 127 F.4th 1092, Madden fails to show the district court committed plain error when it followed our precedent at the time of its decision. *See Veasley*, 98 F.4th at 918; *Deng*, 104 F.4th at 1055.

For the reasons set forth above, we affirm.

_____