# United States Court of Appeals
## For the Eighth Circuit

_____

No. 24-3307
_____

United States of America

*Plaintiff - Appellee*

v.

James Darrick Beeler

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Eastern District of Missouri - St. Louis
_____

Submitted: November 21, 2025
Filed: March 6, 2026
_____

Before COLLOTON, Chief Judge, SHEPHERD and ERICKSON, Circuit Judges.
_____

ERICKSON, Circuit Judge.

James Darrick Beeler pled guilty to possession of child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B). The district court[1] determined that Beeler was subject to a 10-year mandatory minimum sentence due to his prior Missouri

_____

[1]The Honorable Sarah E. Pitlyk, United States District Judge for the Eastern District of Missouri.

conviction for abuse of a child. See 18 U.S.C. § 2252A(b)(2). Beeler was sentenced to 120 months' imprisonment to be followed by a lifetime of supervised release. Beeler appeals his sentence, claiming the district court improperly applied the sentencing enhancement and violated due process. We affirm.

## I.    BACKGROUND

In June 2022, Missouri state police linked Beeler to an IP address sharing videos of child pornography on a peer-to-peer file sharing program. Officers obtained a search warrant for Beeler's residence and seized several electronic devices, including a laptop computer, multiple cell phones, a tablet, and two USB drives. Forensic analysis of the laptop computer and USB drives revealed numerous images of child pornography. Beeler pled guilty to possession of child pornography.

Beeler was previously convicted in 2007 of abuse of a child, in violation of Mo. Rev. Stat. § 568.060.1, for recording two nude minor children for the purpose of sexual gratification. He appeals the district court's determination that this conviction implicates 18 U.S.C. § 2252A(b)(2).

## II.    DISCUSSION

Beeler raises two issues: (1) the district court erred when it found his Missouri conviction triggered the mandatory minimum in § 2252A(b)(2), and (2) Section 2252A(b)(2) is unconstitutionally vague. We review both issues *de novo*. United States v. Carrillo Topete, 116 F.4th 792, 794 (8th Cir. 2024) (statutory interpretation); United States v. Madden, 135 F.4th 629, 631 (8th Cir. 2025) (constitutional challenge).

### A.    Mandatory Minimum

Beeler contends 18 U.S.C. § 2252A(b)(2) is inapplicable in his case because his Missouri conviction for abuse of a child does not categorically relate to any of

the offenses specified in the statute. While § 2252A(b)(2) does not define what it means for a prior conviction to "relate to" an enumerated offense, this Court has held the phrase "carries a broad ordinary meaning, i.e., to stand in some relation to; to have bearing or concern; to pertain; refer; to bring into association or connection with." United States v. Sonnenberg, 556 F.3d 667, 671 (8th Cir. 2009); see also United States v. Mayokok, 854 F.3d 987, 993 (8th Cir. 2017). Accordingly, the mandatory minimum applies if Beeler has a prior conviction that pertains to, is connected with, or stands in some relation either to abusive sexual conduct or to the production of child pornography.

In 2007, the Missouri statute of conviction provided:

1. A person commits the crime of abuse of a child if such person:

(1) Knowingly inflicts cruel and inhuman punishment upon a child less than seventeen years old; or

(2) Photographs or films a child less than eighteen years old engaging in a prohibited sexual act or in the simulation of such an act or who causes or knowingly permits a child to engage in a prohibited sexual act or in the simulation of such an act for the purpose of photographing or filming the act.

Mo. Rev. Stat. § 568.060.1 (2007). The statute defined the phrase "prohibited sexual act" as:

sexual or anal intercourse, masturbation, bestiality, sadism, masochism, fetishism, fellatio, cunnilingus, any other sexual activity or nudity, if such nudity is to be depicted for the purpose of sexual stimulation or gratification of any individual who may view such depiction.

Mo. Rev. Stat. § 568.060.2 (2007).

Under the plain language, a conviction under § 568.060.1 could result from conduct entirely unrelated to abusive sexual conduct or to the production of child

pornography, which means the statute is overbroad.  See Dolic v. Barr, 916 F.3d 680, 684 (8th Cir. 2019) (explaining a state statute is overbroad if there is a realistic probability that the statute applies to conduct that would not qualify under federal law).  If a statute is overbroad, we consider whether it is divisible.  Divisibility is determined by looking at "the statute itself and state authority interpreting the statute."  Arroyo v. Garland, 994 F.3d 905, 911 (8th Cir. 2021).  A statute is divisible "only if it effectively creates several different . . . crimes . . . by listing alternative elements."  Dolic, 916 F.3d at 685 (quotations and citations omitted).

The two subsections in § 568.060.1 set forth alternative ways to violate Missouri law, as indicated by use of the word "or."  Alonzo v. Lynch, 821 F.3d 951, 961 (8th Cir. 2016).  The disjunctive "or" enumerates alternative bases and is "[t]he hallmark of divisibility."  United States v. Bankhead, 746 F.3d 323, 326 (8th Cir. 2014).  This Court and Missouri state courts have treated the subsections contained in § 568.060.1 as separately enumerated offenses.  See, e.g., United States v. Wilson, 568 F.3d 670, 672 (8th Cir. 2009) (stating § 568.060 "prohibits two categories of behavior"); State v. Foster, 838 S.W.2d 60, 67-68 (Mo. Ct. App. 1992) (affirming conviction for child abuse under § 568.060.1(2)).

Because the statute is divisible, we next must determine whether Beeler's conviction is a qualifying offense.  To do so, we examine whether the conviction "relates to" conduct enumerated in § 2252A(b)(2).  Beeler pled guilty to recording nude minor children, which was a violation of Mo. Rev. Stat. § 568.060.1(2).  Federal law defines "child pornography," in relevant part, as "any visual depiction . . . of sexually explicit conduct" where "the production of such visual depiction involves the use of a minor engaging in sexually explicit conduct."  18 U.S.C. § 2256(8).  While a mere visual depiction of a nude child does not automatically qualify as child pornography under federal law, see United States v. Wallenfang, 568 F.3d 649, 657 (8th Cir. 2009), the statute triggering the mandatory minimum requires only a relation to an enumerated offense, not an equivalency, see United States v. Weis, 487 F.3d 1148, 1151-52 (8th Cir. 2007) (noting the question is

whether an offense relates to specified offenses, not whether a particular element is present).

Even if state and federal law do not prohibit exactly the same conduct, a state conviction "relates to" conduct enumerated in § 2252A(b)(2) if the state offense broadly pertains to, is connected with, or stands in some relation to the federal offense. Mayokok, 854 F.3d at 992-93; United States v. Box, 960 F.3d 1025, 1027 (8th Cir. 2020). Although Missouri law may not have included each element of child pornography, as defined under federal law in 18 U.S.C. § 2256, Beeler's conviction under Mo. Rev. Stat. § 568.060.1(2) undeniably pertains to, is connected with, or stands in some relation to child pornography. Cf. United States v. Bennett, 823 F.3d 1316, 1323-25 (10th Cir. 2016) (determining state conviction for sexual exploitation of a child "relates to" child pornography for purposes of § 2252A(b)(2), even if state law might punish more conduct than federal law). Because Beeler's prior conviction is a qualifying offense, the mandatory minimum set forth in § 2252A(b)(2) applies.

B.    Vagueness

Beeler also asserts § 2252A(b)(2) is unconstitutionally vague. The Due Process Clause renders a criminal statute unconstitutionally vague if it "fails to provide a person of ordinary intelligence fair notice of what is prohibited" or "is so standardless that it authorizes or encourages seriously discriminatory enforcement." United States v. Cook, 782 F.3d 983, 987 (8th Cir. 2015). We must keep in mind that statutes have a "presumptive validity." United States v. Ghane, 673 F.3d 771, 777 (8th Cir. 2012).

Beeler's constitutional challenge is an issue of first impression in this Court. Other courts that have considered this issue have unanimously determined the statute is constitutional. See United States v. Ragonese, 47 F.4th 106 (2d Cir. 2022) (concluding "relating to" standard in § 2252A(b)(2) is not unconstitutionally vague); United States v. Hudson, 986 F.3d 1206 (9th Cir. 2021) (same); see also United States v. Portanova, 961 F.3d 252 (3d Cir. 2020) (determining "relating to" standard

in § 2252(b)(1) is not unconstitutionally vague); <u>United States v. Caldwell</u>, 655 Fed. Appx. 730 (11th Cir. 2016) (unpublished) (finding the "relating to" language in § 2252(b)(1) and § 2252A(b)(1) is not unconstitutionally vague).

In <u>Ragonese</u>, the Second Circuit noted that while § 2252A(b)(2) is broad, breadth alone does not render a statute unconstitutional. 47 F.4th at 113-14. Likewise, the Ninth Circuit in <u>Hudson</u> noted that "the 'relating to' language . . . has a broadening effect [that] will allow certain flexibility at the margins, but it is not without limits." 986 F.3d at 1214. Such flexibility is "not an indicator that the statute is impermissibly vague" because "the state offense must share a core substantive element of the generic federal definition" to trigger the increased sentence. <u>Id.</u> at 1214-15. Interpreting a similar provision in 18 U.S.C. § 2252, the Third Circuit concluded that the "relating to" standard is not unconstitutionally vague because "there is no question that a person of ordinary intelligence would have fair warning that a conviction pursuant to 18 U.S.C. § 2252 could expose him to greater penalties if such a person has a prior state conviction 'relating to . . . the . . . possession . . . of child pornography.'" <u>Portanova</u>, 961 F.3d at 263. And in <u>Caldwell</u>, the Eleventh Circuit determined that the mandatory minimum under § 2252A(b)(1) was not unconstitutionally vague where the defendant did "not show that either executive or judicial interpretations of [the] term have been at all inconsistent, unpredictable, or arbitrary" and only argued that "relating to" "can be read broadly, to cover many state offenses." 655 Fed. Appx. at 733.

A person of ordinary intelligence would understand that recording a nude minor for sexual gratification "relates to" child pornography. <u>Cf. Portanova</u>, 961 F.3d at 263 (explaining a statute is not unconstitutionally vague when a "person of ordinary intelligence would have fair warning that a conviction . . . could expose him to greater penalties"). Even if statutory language is broad, the Constitution does not require a defendant to be able to definitively determine whether his prior conviction would expose him to a longer sentence. Due process does not require certainty; it is sufficient if a person in Beeler's position would have fair warning that his prior conviction might trigger the mandatory minimum. <u>See Planned Parenthood</u>

of Minn. v. State of Minn., 910 F.2d 479, 485 (8th Cir. 1990) ("[S]tatutes are not automatically invalidated as vague simply because difficulty is found in determining whether certain marginal offenses fall within their language.").

Nor does § 2252A(b)(2) authorize or encourage arbitrary enforcement. Beeler suggests the mandatory minimum invites arbitrary enforcement because the sentencing court must determine whether a prior conviction "relates to" one of the listed offenses. For the mandatory minimum to apply, a prior conviction must "share a core substantive element of the generic federal definition." Hudson, 986 F.3d at 1214. When faced with broad statutory language, courts are permitted to "extrapolate its allowable meaning." Grayned v. City of Rockford, 408 U.S. 104, 110 (1972). "'Extrapolation,' of course, is a delicate task." Id. But extrapolation is permissible because "we can never expect mathematical certainty from our language." Id. While this case presents a close question, "the existence of a close case in the application of a statute does not render it unconstitutionally vague." Ghane, 673 F.3d at 778.

We join the other Circuits that have determined the "relating to" language in § 2252A(b)(2) is not unconstitutionally vague. "[S]tatutes fixing sentences . . . must specify the range of available sentences with 'sufficient clarity.'" Beckles v. United States, 580 U.S. 256, 262 (2017) (quoting United States v. Batchelder, 442 U.S. 114, 123 (1979)). But due process does not void an otherwise lawful statute merely because "it will sometimes be difficult to determine" whether a sentencing enhancement applies. United States v. Williams, 553 U.S. 285, 306 (2008).

## III.  CONCLUSION

For the foregoing reasons, the judgment of the district court is affirmed.

_____